IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONY TUNSTALL, | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:08-CV-301(HL) |
| DEUTSCHE BANK TRUST COMPANY AMERICA and WASHINGTON MUTUAL HOME LOAN, | : |
| **Defendants.** | : |

## ORDER

Plaintiff, proceeding pro se, filed a Complaint (Doc. 1) against Defendants on September 9, 2008. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had until January 8, 2009, to serve Defendants. As of January 16, 2009, he had not perfected service on either Defendant. Thus, on that date, the Court entered an Order (Doc. 3) directing Plaintiff to show cause why his case should not be dismissed for failure to perfect service. On February 2, 2009, Plaintiff responded by stating that he has not served Defendants because neither Defendant maintains a registered agent in Georgia for service of process. For the following reasons, the Court finds that Plaintiff's Complaint should be dismissed without prejudice for failure to perfect service.

Federal Rule of Civil Procedure 4(m) provides that a plaintiff has 120 days to properly serve a defendant. Fed. R. Civ. P. 4(m). If service has not been effected

within 120 days:

> the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under this Rule, a court is required to excuse a plaintiff's failure to timely perfect service if the plaintiff has demonstrated good cause for his failure. See Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotations omitted). Even if the plaintiff has not demonstrated good cause, a court has discretion to extend the time for service if "any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282.

Here, Plaintiff has not demonstrated good cause. Plaintiff's sole explanation for his failure to perfect service is that Defendants do not maintain a registered agent in Georgia for service of process. In Georgia, service on a corporation's registered agent is not the only way to properly serve a corporate defendant. Federal Rule of Civil Procedure 4(h), the Georgia Civil Practice Act, see O.C.G.A. § 9-11-4, and the Georgia Business Corporation Code, see O.C.G.A. §§ 14-2-101 et seq., provide

other methods to effect service on corporations. Plaintiff has not provided any justification for his failure to attempt service by any of the alternative methods available to him. Thus, it does not appear to the Court that Plaintiff's failure to serve Defendants was caused by any outside factor; rather, it appears that it was caused by Plaintiff's own negligence in not following the rules governing service of process.[1] As a result, the Court finds that Plaintiff has not demonstrated good cause for his failure to serve Defendants, and therefore, the Court is not required to extend the time for service.

Nevertheless, the Court must determine whether any other circumstances justify a discretionary extension. The Eleventh Circuit has held that the Advisory Committee Note to Rule 4(m) provides guidance as to what factors may justify a discretionary extension of the service deadline. Lepone-Dempsey, 476 F.3d at 1282. "Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Id. (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments) (alteration in original).

In this case, Plaintiff has not demonstrated that the statute of limitations would

---

[1] Even though Plaintiff is proceeding pro se, he is not excused from complying with procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993); Loren v. Sasser, 308 F.3d 1296, 1304 (11th Cir. 2002); Brooks v. Britton, 669 F.2d 665, 666-67 (11th Cir. 1982).

bar a refiled action, or that Defendants are evading service. Instead, Plaintiff's sole argument in support of extending the time for service is that Defendants do not maintain a registered agent in Georgia. This Court previously concluded that this justification does not constitute good cause, and the Court finds that it does not constitute any other circumstance that would warrant a discretionary extension of the service deadline. As a result, the Court concludes that Plaintiff's Complaint should be dismissed without prejudice for failure to perfect service.

**SO ORDERED**, this the 4th day of February, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc